## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW GILES, individually and on behalf of all others similarly situated | |
| Plaintiffs, | |
| v. | Case No: 1:22-cv-03249 |
| THE SCION GROUP LLC., | |
| Defendant. | |

### PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND ISSUANCE OF COURT SUPERVISED NOTICE

Pursuant to 29 U.S.C. § 216(b), Plaintiff herein requests an Order conditional certifying this action to proceed collectively and approving Plaintiff the right to send out the enclosed Notice of this lawsuit to all others similarly situated to include the following collective group:

**All persons employed by The Scion Group as Maintenance Supervisors anywhere in the United States during the period of 3 years from the date of the Order.**

In support, Plaintiff shows the court the following:

1. Plaintiff and nine (9) Opt-Ins (collectively, "Plaintiffs") have uniformly alleged that Defendants failed to pay them overtime compensation in accordance with the FLSA. See Declarations of Opt in Plaintiffs, Exhibits 2-10.

2. Specifically, Plaintiffs were all unlawfully classified as exempt and denied overtime compensation for all hours worked above forty (40) in a work week. (DE 1 Complaint, and Ex's 2-10). Plaintiffs allege that Defendant's violations were deliberate and its exemption policy was uniformly applied to all Maintenance Supervisors in order to

reduce labor costs – as demonstrated by the considerable overtime hours Plaintiffs were required to work in order to perform routine janitorial, maintenance and repair tasks at Defendant's off-campus student housing communities.  See Exhibits 2-10 and  (DE 1).

3.  The allegations in Giles' Complaint (DE 1), the declarations from all 9 Opt In Plaintiffs Exhibits 2-10), and Defendant's corporate documents overwhelmingly support conditional certification. Taken together, Plaintiffs have exceeded their lenient burden of showing that they are similarly situated to other Maintenance Supervisors.

4.  As demonstrated by the accompanying Brief in support (Exhibit 1), the members of the Maintenance Supervisor Collective: (1) are uniformly classified as exempt from overtime and not required to record the hours they work; (2) are paid a salary and receive the same benefits; (3) are subject to Defendant's uniform, nation-wide policies and procedures; (4) are subject to the same job descriptions; (5) routinely work more than forty (40) hours in a workweek but are not paid overtime compensation; and (7) are together the victims of a single policy, practice, or plan that violates the FLSA (i.e., to misclassify Maintenance Supervisors as exempt in order to reduce labor costs).

5.  Defendants' policy, practice, or plan applies regardless of the location of the off-campus student housing community where Maintenance Supervisors work, their length of employment, their supervisor, or any other relevant factor.  See Exhibit 12 (Jackson, Giles, Pickett identical Offer Letters with Job Descriptions), Exhibit 11 (composite of job postings) and Exhibit 13 -15:  Employee handbook, Essential policies and Benefits Guide.

6.  Defendant cannot and will not dispute that all Maintenance Supervisors were classified and treated as exempt employees as a group, without regard to any individual analysis of

their actual job duties or any variations. Thus, any argument that the Plaintiffs are not similarly situated as this juncture belies common sense: a) they are all claiming to have routinely worked overtime hours without being paid; b) they are all classified and treated as exempt and paid on a salary basis by Defendant; c) they all had similar job requirements, as set forth in the Defendant's single, nationwide job description and job postings, and as alleged by al the Plaintiffs here.

7. Defendant has 127 campus locations, in 33 states, with 1 or more maintenance supervisor, and post jobs on their website , including identical job description posted for the maintenance supervisor position for all openings in the U.S. See: Alabama: https://thesciongroup.com/career/?gh_jid=6307412002; Blacksburg Virginia: https://thesciongroup.com/career/?gh_jid=6308137002; Tempe, Arizona: https://thesciongroup.com/career/?gh_jid=6281156002; Baton Rouge, Louisiana: https://thesciongroup.com/career/?gh_jid=6291751002; Bloomington, Indiana: https://thesciongroup.com/career/?gh_jid=6239701002; Costa Mesa, California: https://thesciongroup.com/career/?gh_jid=6260688002;

8. Plaintiffs are from 6 different states, and 10 different Scion property locations all alleging the same claims and unlawful pay practice, the same job requirements, the same compensation plan. They are similarly situated and by the number and geographic spread of the Plaintiffs locations, other maintenance supervisors given notice of their right to join this action, other maintenance supervisors would certainly seek to join this action.

9. Accordingly, because Plaintiffs herein clearly satisfy the lenient standard applicable at this first-stage of the two-stage conditional certification process, the Court should grant conditional certification of this Maintenance Supervisor Collective action and permit

notice of this lawsuit to be sent to all similarly situated Maintenance Supervisors to be disclosed by Defendant who worked for it anytime within the preceding 3 years from the date of the order granting this motion.

10. Plaintiff attaches proposed his Notice to all similarly situated maintenance supervisors (EX 16), a Consent to Join Form (EX 17), and a text message for class members (EX 18).

**CONCLUSION AND RELIEF REQUESTED**

As moire full set forth in Plaintiff's Brief in Support of this Motion, Plaintiff has more than met the relatively lenient burden to conditionally certify the action to proceed collectively on behalf of all Maintenance Supervisors under 7th Circuit precedent, sufficiently demonstrating they are similarly situated and others would seek to join this action given notice. Accordingly, Plaintiff requests this Court conditionally certify this action to proceed collectively on behalf of all present and former The Scion Group Maintenance Supervisors and Order Defendant to produce the requested class list data and information. Plaintiff also requests the Court approve the proposed Notice and Consent to Join Form be permitted to be delivered by US mail, email and and text message; authorize Plaintiff to send out a "reminder notice" one time; authorize Plaintiff to post the Court approved Notice and Consent to Join form to a newly created website; authorize putative class members be allowed to electronically sign the consent form; and order Defendant to produce a list of all Maintenance Supervisor's cell phone numbers, personal emails, US mail addresses, and dates of employment within 14 days. A 60 day notice permitted as well should be approved, along with the Plaintiff's prepared Notice, Consent to Join Form Ex 16-17. Plaintiff also requests authorization to send out an identical Notice 1 additional time during the 60 day notice period as a reminder to increase the likelihood that those similarly situated class members both received and read the notice of this action.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion, including the Plaintiff's proposed forms and manner of delivery and postings requested, and Order Defendant to produce a list of all maintenance supervisors employed anytime within the period of 3 years preceding the date of the Order with the requested contact information and dates of employment in order to notify Maintenance Supervisors of their right to join this action.

Respectfully submitted this 15th day of August, 2022.

/s/Mitchell L. Feldman
Mitchell L. Feldman, Esquire
Florida Bar No.: 080349
Feldman Legal Group
6916 W. Linebaugh Ave, Suite 101
Tampa, FL 33625
(P) 813-639-9366
(F) 813-639-9376
mfeldman@flandgatrialattorneys.com
Attorney for Plaintiff, and all others similarly situated, AND LEAD COUNSEL

David L. Lee, Esquire
LAW OFFICES OF DAVID L. LEE
542 S. Dearborn St., Suite 660
Chicago, IL 60605
312-952-1321
d-lee@davidleelaw.com
Local counsel for Plaintiff and all others similarly situated

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Parties may also obtain a copy directly from the CM/ECF system.

/s/ Mitchell L. Feldman
MITCHELL L. FELDMAN
Florida Bar No. 0080349

5